IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MELINDA CORNELL, Individually, and as
Parent and Next Friend of TSA and JMT,
minor children                                                    PLAINTIFF

v.                              CASE No. 11-1021

LIBERTY MUTUAL GROUP, INC.                                        DEFENDANT

### MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant Liberty Mutual Group, Inc.'s Motion for Summary Judgment (Doc. 33), Memorandum Brief (Doc. 34), Statement of Facts (Doc. 36), Motion for Hearing (Doc. 40) and Plaintiff's Response in Opposition (Doc. 44). Also before the court are Plaintiff's Motion to Certify Arkansas Constitutional Legal Questions to the Arkansas Supreme Court (Doc. 49), Defendant's Response in Opposition (Doc. 50) and Plaintiff's Reply (Doc. 60).

## I.  Background

On or about June 18, 2008, Plaintiff sustained work-related injuries at her place of employment and for which she filed a workers' compensation claim. (Doc. 1). Her employer's workers' compensation carrier was Liberty Mutual Group, Inc. ("Liberty Mutual"). Plaintiff's workers' compensation claim was accepted and she received certain benefits from Liberty Mutual Group, Inc. (Doc. 50). Plaintiff brought this action against Liberty

1

Mutual[1], alleging that, as her employer's carrier, Liberty Mutual negligently inspected her worksite and failed to warn her of a dangerous condition that led to her injury. (Doc. 1).

## II. Standard of Review

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[1] Upon investigation, it was determined that the part or parts of the hydraulic press machine that malfunctioned were never part of the inventory distributed by McMaster-Carr Supply Company and no such springs had been sold to Plaintiff's employer, Hubbell Lighting, by McMaster-Carr. Upon joint stipulation, McMaster-Carr was dismissed with prejudice on December 6, 2011. (Doc. 29).

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.   If the moving party meets the initial burden, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial.  *Id.* at 324.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences.  *Kenney v. Swift Transport, Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003).  "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations."  *Id.*  "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate."  *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

## III.  Discussion

Defendant argues that the benefits available under Arkansas' Workers' Compensation Code are the exclusive remedy for employees who suffer on-the-job injuries and bars any tort claims against employers for such injuries.  A.C.A. § 11-9-105. The Code, Defendant asserts, demonstrates that an insurance carrier was not intended to be a "third party" against whom an injured employee could maintain a common law tort action for a compensable injury.  (Doc. 34).

3

Plaintiff claims that A.C.A. § 11-9-409(e) is unconstitutional in that the legislature did not have the authority to grant immunity to insurance carriers. She cites the common law rules applicable to third parties who perform negligent workplace safety inspections and asserts that immunity is not absolute but must be determined on a case by case basis. Plaintiff also claims that she is a third party beneficiary to the workers' compensation insurance policy between her employer and the Defendant and that she has a constitutional right to make a claim of breach of that contract. (Doc. 50).

In support of her argument, Plaintiff contends that extending immunity from tort to insurers is a violation of Article 5, Section 32, of the Arkansas Constitution, as amended by Amendment 26 which states in pertinent part:

> The General Assembly shall have the power to enact laws prescribing the amount to be paid by employers for injuries to or death of employees, and to whom said payment shall be made....Provided, that otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to person or property....

Plaintiff contends that the Arkansas Constitution extends immunity from tort only to employers, not to insurers. (Doc. 50).

The question of the constitutionality of The Workers' Compensation Act in light of Amendment 26 was decided as far back as 1946, when the Arkansas Supreme Court found the Act to

4

be valid as against objections that it is class legislation and makes unreasonable classifications, denies equal protection and due process of law, impairs the obligation of existing contracts, and interferes with right to contract, the right to jury trial, and vested rights by abolishing existing statutory and common law remedies, and that it abridges privileges and immunities. *Hagger v. Wortz Biscuit Co.*, 1946, 210 Ark. 318 (1946).

The issue of an insurer's liability is not, as Plaintiff contends, a case of first impression in Arkansas. In *Neal v. Oliver*, 246 Ark. 377, 380 (1969), the Supreme Court defined a "third party" as used in the Act as "some person or entity other than the first and second parties involved, and the first and second parties can only mean the injured employee and the employer or one liable under the compensation act." In *Johnson v. Houston General Insurance Co.*, 259 Ark. 724, 725 (1976), the Supreme Court held that the benefits payable pursuant to the workers' compensation act, and the procedure set out in that act for obtaining those benefits, constitute an exclusive remedy, and that remedy precludes an action at law, even for an intentional tort arising out of the non-payment of benefits. Relying upon *Neal*, the Court later held that a workers' compensation insurer has <u>no independent liability</u> to a worker because of the immunity provisions of the workers' compensation

5

law.  *Burkett v. PPG Industries, Inc.,* 294 Ark. 50, 55 (1987)
(emphasis added).    The Court in *Burkett* also relied on the
Eighth Circuit's decision in *Kifer v. Liberty Mutual Insurance
Company*, 777 F.2d 1325 (1985), which had made "an exhaustive
study of the law with respect to whether a workers' compensation
act such as [Arkansas'] precluded[d] such liability." *Burkett at*
54.   In both *Kifer* and *Burkett*, the question was whether an
employee   could   sue   his   employer's   workers'   compensation
insurance carrier for its failure to inspect the premises and
warn the employee of danger.   The Eighth Circuit found that the
Act did preclude such liability as did the Arkansas Supreme
Court.   "We hold that a workers' compensation insurance carrier
has the same immunity from suit by an injured employee as is
provided the employer by [the workers' compensation statute]."
*Burkett* at 57.   The Court agreed with *Kifer* that the legislative
intent of the statute was to preclude the insurer from
independent liability.    *Id* at 55-56.  "[T]o conclude that to
construe the Act to permit an employee's common law action
against a workers' compensation carrier for negligent safety
inspections of the employer's premises would be contrary to the
purposes and policies underlying the Act." *Kifer* at 1337.

In 1993, the Arkansas Supreme Court determined that any
change concerning the exclusivity of the statutory remedies or
the form of those remedies must come from the legislature, not

the courts. *Liberty Mut. Ins. Co. v. Coleman*, 313 Ark. 212 (1993)(granting Liberty Mutual's petition for writ of prohibition to St. Francis County Circuit Court and stating that Coleman's exclusive remedy resided in his pending workers' compensation case.)

Arkansas Constitutional Amendment 26 empowered the General Assembly to enact laws prescribing the amount of compensation to be paid by employers for injuries to employees. According to the Eighth Circuit, the purpose was to grant to the Legislature the right to adopt a workers' compensation act. Such act serves to substitute for the common-law right of damages of all employees their exclusive right under the act against the employer. This only applies where the employer has secured for the employee the compensation payments as required by the act. Ark.Stats. §§ 81-1304, 81-1306; Const. Ark. Art. 5, § 32, and as amended by Const. Amend. No. 26; *Huffstettler v. Lion Oil Co.*, 208 F.2d 549 (8th Cir. 1953) (finding that where subcontractor fails to secure workers' compensation insurance, prime contractor shall be liable for compensation to employees of subcontractor.)

The purpose of workers' compensation statutes was to change the common law by shifting the burden of all work-related injuries from individual employers and employees to the consuming public. Employers were compelled to give up the

7

common-law defenses of contributory negligence, fellow servant, and assumption of risk.  Employees were required to give up the chance of recovering unlimited damages in fault-related cases in return for a certain recovery in *all* work-related cases. *Simmons First Nat. Bank v. Thompson*, 285 Ark. 275 (1985).  The plaintiff is attempting to return to the common-law system based on fault, when it is to her advantage to do so, but at the same time to retain the assured benefits of workers' compensation regardless of fault.

Defendant's basis for liability, according to Plaintiff, is that the insurance company was obligated by contract and/or agreement with Plaintiff's employer to periodically and regularly inspect the work place in order to detect dangerous working conditions, Plaintiff being a third-party beneficiary to any contract or agreement there may have been.  She asserts that Defendant negligently failed to properly detect the hazardous nature of the hydraulic press she was using when she was injured and that Defendant's negligence contributed to her injuries. (Doc. 1).

Pursuant to A.C.A. § 11-9-409(d), in order to provide casualty insurance in the State of Arkansas and write workers' compensation insurance in the state, Defendant is required to provide accident prevention services as a prerequisite.  The statute goes on to provide that an insurance company who

performs a safety consultation under this provision *shall have no liability* with respect to any accident based on the allegation that the accident was caused or could have been prevented by a program, inspection, or other activity or service undertaken by the insurance company for the prevention of accidents in connection with operations of the employer. A.C.A. § 11-9-409(e)(1) (emphasis added). The argument that the Legislature intended to place the insurer in the same position as the employer is elevated based upon the last sentence of the statute: "EXCLUSIVE REMEDY. This section does not create an independent cause of action at law or in equity." A.C.A. § 11-9-409(f). Even without the benefit of the Supreme Court having ruled on numerous occasions that insurers are immune from liability, this provision would resolve any question.

The facts are undisputed that Plaintiff was injured at her place of employment and that she filed a workers' compensation action against her employer as a result of those injuries. It is further undisputed that her claim was accepted and that she has received workers' compensation benefits through her employer's Worker's Compensation policy. (Doc. 50). Applying precedent, Defendant is immune from liability to Plaintiff in this matter.

Because the Defendant is entitled to Summary Judgment in its favor, a hearing on its Motion (Doc. 40) is unnecessary and the Motion is **DENIED**.

On February 8, 2012, Plaintiff filed a Motion to Certify Arkansas Constitutional Legal questions to the Arkansas Supreme Court and to Hold in Abeyance Ruling on Defendants' Summary Judgment Motion Herein Until Such Constitutional Issue Legal Questions are Answered by the Arkansas Supreme Court. (Doc. 49).

Section (a)(1) of the Arkansas Supreme Court Rule 6-8 provides:

> "The [Arkansas] Supreme Court may, in its discretion, answer questions of law certified to it by order of a federal court of the United States if there are involved in any proceeding before it questions of Arkansas law which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the [Arkansas] Supreme Court."

Because this is not a case of first impression and there is clear authority from the Arkansas Supreme Court on this issue, the question of the constitutionality of the exclusive remedy provisions of the Act is not appropriate for certification and Plaintiff's Motion (Doc. 49) is **DENIED.**

## IV.  Conclusion

Defendant's Motion for Summary Judgment (Doc. 33) is **GRANTED** and its Motion for Hearing (Doc. 40) is **DENIED.** Plaintiff's Motion to Certify (Doc. 49) is **DENIED.** Plaintiff's

Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE.** Each party is to bear their own costs.

       IT IS SO ORDERED this 16th Day of March, 2012.

                                      /s/ Robert T. Dawson
                                      Honorable Robert T. Dawson
                                      United States District Judge